Hat, Judge,
delivered the opinion of the court:
This suit, is based upon a contract entered into by the plaintiff with the defendants for the construction of a dry dock at Charleston, S. C. During the progress of the work the plaintiff was delayed in the performance thereof by the defendants. The contract provided that the work should be completed in three years from the date of the execution of the contract, which date was October 29, 1902. The delays caused by the defendants at times caused almost a complete stoppage of the work and^aogeSYlirplajBtiff to incur *296 great cost, which it would not have been put to had it not been for these delays. These delays and the increased cost occasioned thereby have been fully set forth in the findings of fact.
It is also true that while the defendants caused delays amounting to 486 days, the plaintiff was responsible for 80 days’ delay, and the defendants now claim that they are entitled under the contract to liquidated damages. The contract provides for liquidated damages at the rate of $50 per day for each day’s delay in the completion of the work after the date fixed in the contract for the completion of the work. But the facts are that the delays were due to both the plaintiff and the defendants, and the defendants now ask that the liquidated-damage clause in the contract be enforced without being able to point out from what date it should be enforced. Having delayed the plaintiff beyond the date fixed in the contract for the completion of the work, and no other date having been fixed by the parties for its completion, the court has no fixed date from which the contract can be enforced, unless the court chooses to enter the domain of guesswork and of- its own accord undertake to arbitrarily fix a date from which liquidated damages must be enforced. We think the law is plain that the court must be able to fix the day from which a liquidated-damage clause is to operate. In this case the date from which the liquidated-damage clause is to operate is uncertain; it has not been ascertained by the evidence, nor can it be determined from any stipulation between the parties. It is well settled that in cases where delays have been caused by both parties to a contract and the completion of the contract has thereby been extended beyond the time fixed the obligation for liquidated damages is annulled, and it can not be revived, and any recovery for subsequent delays must be for actual loss proved to have been sustained. United States v. United Engineering & Con. Co., 234 U. S., 236, 243; Camden Iron Works v. United States, 51 C. Cls., 9.
The defendants have not proved that they incurred actual loss or damage as the result of any delay caused by the plaintiff, and therefore are not entitled to retain the sum of $6,855fiJ5.rjyhic^-saag_due to the plaintiff at the time the work-vras completed.
*297 We are therefore of opinion that the plaintiff is entitled to judgment for $226,894.05, as shown in the conclusion of law, and it is so ordered.
Geaham, Judge; Downey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.