Grax-iam, Judge,
delivered the opinion of the court:
The plaintiff, a corporation, on September 26, 1923, entered into a contract with the United States by which it agreed to furnish labor, equipment, and materials, and to do and perform all work under said contract for the erection and completion of two fire escapes on buildings. The contract was to be completed within 75 days from the date of notice to begin construction work. The plaintiff received its notice to begin work on the 16th of October, 1923. At the time it was notified it had on hand the greater part of the material to be used in the performance of the contract. Plaintiff had assembled its men and materials when, after taking measurements, it discovered that errors had been made in the plans and specifications, and a satisfactory structure could not be erected according to the plans prepared by the Government. It suggested certain changes in the plans and specifications, which suggestions were accepted by the Government, and amended plans and specifications were prepared under date of October 23, 1923, and on October 24, 1923, the plaintiff received notice to proceed with the work. Owing to these changes necessary in the plans and specifications, additional material had to be ordered, some of which could not be gotten for two weeks, other material required four weeks, and other material six weeks, all of which further delayed the plaintiff, just how much does not definitely appear. The plaintiff proceeded with the work and completed it on June 21, 1924, but the Government did not inspect it and accept the same until the 28th of June, 1924.
There was a provision in the contract for liquidated damages at the rate of $10 per day for each calendar day’s delay after expiration of the time fixed in the contract for completion until the contract was completed. The defend *333 ant assessed liquidated damages for 181 days and withheld $1,785, a part of the contract price for the performance of the work, and for this sum plaintiff is suing here.
The findings show that the initial delay was due to the fault of the Government in preparing defective plans and specifications. This changed the date from which liquidated damages were to run under the contract, and there is no way under the facts for the court to fix another date. The completion of the contract was extended beyond the time fixed through the fault of the defendant, and the right to assess liquidated damages under the provisions of the contract was thereby annulled. If there was any loss by reason of subsequent delays, there must be proof of the loss actually sustained, and there is no such proof here. See New York Continental Jewell Filtration Co. v. United States, 55 C. Cls. 288, 296; United States v. United Engineering & Contracting Co., 234 U. S. 236, 243; Camden Iron Works v. United States, 51 C. Cls. 9.
The plaintiff is entitled to recover the sum of $1,785.00, the amount claimed in the petition. Let judgment be entered for this amount.
SiNNOTT, Judge; Gkeen, Judge; Moss, Judge; and Booth, Chief Justice, concur.