## GERMAIN LUMBER CO. v. UNITED STATES.
### Civil Action No. 1039.

District Court, W. D. Pennsylvania.
Sept. 28, 1944.

Campbell, Wick, Houck & Thomas, of Pittsburgh, Pa., for plaintiff.

Leavenworth Colby, Asst. Atty. Gen., and Morris Canter, Asst. U. S. Atty., and Charles F. Uhl, U. S. Atty., both of Pittsburgh, Pa., for the United States.

GIBSON, District Judge.

The Court, after hearing and consideration, makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. Pursuant to an invitation to bid issued by the United States Treasury Department and a bid by the Germain Lumber Company, a purchase order was issued by the United States Treasury Department dated October 21, 1937, to the Germain Lumber Company for 290,000 feet board measure of Southern Yellow Pine Lumber for use by the W.P.A.

2. The purchase order provided for delivery to be made by December 22, 1937, with the following liquidated damage clause:

"Liquidated damages chargeable shall be:—two per cent of the contract price of each order or portion thereof for each and every day's delay in delivering the article or articles, supplies, or materials after the date when the same are to be delivered under the terms of this contract; but the maximum amount of liquidated damages that may be deducted on account of such delay shall be not more than the sum of Two hundred and fifty ($250.00) Dollars per day for such article or articles, materials, or supplies not delivered against each respective purchase order within the time specified therefor in the contract, and such deduction may be made from any payment due the contractor."

3. The Germain Lumber Company was delayed in making delivery of the lumber by a longshoremen's strike which was brought to the attention of the Government in accordance with the contract but no extension of the delivery date was granted.

4. The Germain Lumber Company had delivered 258,522 feet board measure of the 290,000 feet board measure of the lumber provided for in the purchase order by December 22, 1937, and between December 22, 1937, and December 27, 1937, the Germain Lumber Company delivered 50,653 feet board measure making a total of 309,186 feet board measure. Of this amount Germain Lumber Company received rejection notices for 36,526 feet board measure on or before December 22, 1937, the last notice being received on December 21, 1937.

5. No notice was given of any rejections, other than the 36,526 feet board measure rejected prior to December 21, 1937, until January 13, 1938, when Germain Lumber Company received a letter dated January 12, 1938, from the United States Treasury Department, Procurement Division, giving a summary statement of the lumber rejected but failing to state how much lumber had been accepted. This letter was followed by Germain's letter of January 18, 1938; Procurement Division's letter of January 14, 1938, which stated the total feet board measure which had been accepted but failed to give the amount in each class that was accepted. The total feet board measure stated in this letter, namely, 305,667 feet board measure, did not agree with Germain Lumber Company's total figure of 309,186 feet board measure and Germain Lumber Company could not determine from the facts in its possession just how much lumber of each size was necessary to fill the order. It was not until January 27, 1938, thirty days after the delivery of the lumber, when Germain Lumber Company received letter of the Procurement Division dated January 26, 1938, that Germain Lumber Company received notice of the amount of feet board measure of each class claimed to be due by the Government on this order, as follows:

| Size | Amount Due | Price per M.B.M. | Amount |
|------|-----------|------------------|--------|
| 12 x 12 | 57564 F.B.M. | $68.00 | $3,914.35 |
| 10 x 12 | 22860 " | 66.00 | 1,508.76 |
| 6 x 12 | 900 " | 66.00 | 59.40 |
| 5 x 10 | 751 " | 48.00 | 36.05 |
| 4 x 10 | 7534 " | 49.00 | 369.17 |
| Totals | 89609 | | $5,887.73 |

The Germain Lumber Company immediately started to complete the order and had completed the shipments by February 7, 1938.

6. The balance due Germain Lumber Company without penalty is $5,471.92.

7. The Government did not prove any actual damage but, relying on the liquidated damage clause contained in the contract, claimed a deduction of $5,471.92 on account of the alleged delay.

8. This suit was brought by the Germain Lumber Company for the recovery of the full amount of the liquidated damages deducted by the Government.

### Conclusions of Law

I. The amount provided for in the liquidated damage clause of the contract, namely, 2% of the contract price of the delayed portions for each day's delay, was so extravagant or disproportionate to the amount of the probable loss as to show that compensation was not the object of the liquidated damage clause and since the Government did not prove any actual damage it had no right to deduct any amount from the payments due under the contract.

II. A liquidated damage clause which made it possible for the Government to assess damages in the amount of $5,471.92 for a delay in the shipment of $5,887.73 worth of lumber had no reasonable relation to any probable damage which might follow such delay and therefore is not enforceable.

III. Thirty days is an unreasonable time for inspection and notification of rejections especially in view of the fact that liquidated damages were running against the contractor, especially in view of the fact that the uncontradicted evidence was that five days was the customary time for inspection in the lumber business.

IV. The Government's actions contributed to the delay and therefore the Government is not entitled to deduct damages under a liquidated damage clause but is required to prove actual damages, if any. The Government did not prove any actual damages and is therefore not entitled to deduct any damages.

V. Even though the liquidated damage clause is not held to be unenforceable because it is a penalty clause, it cannot be enforced in the absence of proof of actual damage because of the failure of the Government in promptly notifying the plaintiff of the results of its inspections.

### Discussion

Under a contract with the United States Treasury Department the plaintiff shipped certain lumber to the W.P.A. in New York.

Upon settlement of the claim the United States deducted from the face amount due under the contract the sum of $5,471.92. This was under a provision of the contract fixing liquidated damages for delay in completing the contract. This sum was based upon the failure to deliver lumber of the contract value of $5,887.73.

The defendant at the trial proved no actual damage, and, it is claimed, could not because the W.P.A. work was not completed until a considerable time after the last delivery.

Under the Findings of Fact it will appear that the Government Agency receiving the lumber was largely responsible for the delay in delivery by its failure to notify the plaintiff with reasonable promptitude of its rejections of lumber and the nature of them. Being so responsible, the defendant is not entitled to claim the liquidated damages contemplated by the contract. Sun Shipbuilding & Dry Dock Co. v. United States, 76 Ct.Cl. 154; New York Continental Jewell Filtration v. United States, 55 Ct.Cl. 288; Bethlehem Steel Co. v. United States, 75 Ct.Cl. 845.